# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Avon State Bank,

                              Plaintiff,

v.

BancInsure, Inc.,

                              Defendant.

Civ. No. 12-2557 (RHK/LIB)

**ORDER**

      This matter is before the Court on both parties' Motions regarding attorneys' fees. Plaintiff Avon State Bank ("Avon") commenced this action seeking indemnification from its insurer, Defendant BancInsure, Inc. ("BancInsure"), for its liability to third parties in an underlying action (the post-verdict settlement of which cost Avon $635,000). BancInsure cross-claimed to recoup expenses it incurred defending Avon in that action. Both parties cross-moved for summary judgment and, on January 10, 2014, the Court granted Avon's Motion and denied BancInsure's, concluding Avon's loss was covered under its fidelity bond with BancInsure. The Court entered judgment to that effect, requiring BancInsure to "indemnify Avon for the judgment and ensuing settlement agreement in [the underlying action] and for its post-verdict defense costs." (Doc. No. 64.) The Court further awarded Avon "attorneys' fees and costs reasonably incurred in this action." (Id.)

      BancInsure moves to alter or amend the Judgment to delete Avon's award of attorneys' fees and costs incurred in this action. Avon moves to claim its attorneys' fees

and to alter or amend the Judgment to state the specific amounts to which it is entitled. Thus, three issues are before the Court: (1) whether Avon is entitled to recover its attorneys' fees for *this* action, and if so in what amount; (2) the amount of attorneys' fees Avon is entitled to recover for the *underlying* action; and (3) the amount of prejudgment interest to which Avon is entitled.

Upon reconsideration of the Bond's language, the Court concludes Avon is not entitled to attorneys' fees incurred during this litigation. General Agreement (F) of the Bond provides, "[BancInsure] shall indemnify [Avon] against court costs and reasonable attorneys' fees incurred and paid by [Avon] in defending any suit or legal proceedings brought against [Avon] to enforce [Avon's] liability, or alleged, liability, on account of any loss, claim or damage which, if established against [Avon], would constitute a collectible loss under this Bond." BancInsure makes several arguments why it is not required to indemnify Avon's attorneys' fees in this action, under this provision of the Bond and others. Only one of these arguments is persuasive: a coverage dispute such as this is not a legal proceeding brought "to enforce [Avon's] liability . . . on account of . . . a collectible loss." The *underlying* action was brought to enforce Avon's liability for a loss, and thus BancInsure must indemnify Avon for fees incurred therein. *This* action, however, sought to determine whether that loss is a "collectible" loss, which distinguishes it from the sort of legal proceedings covered by General Agreement (F). As Avon has provided no other language from the Bond or any statutory authority that justifies the award of attorneys' fees incurred in this action, the Court will grant BancInsure's Motion to amend the Judgment and delete the award. See In re Silicone

Implant Ins. Coverage Litig., 667 N.W.2d 405, 422 (Minn. 2003) (absent statutory or contractual exception, each party bears its own attorneys' fees).

BancInsure does not contest its legal obligation to indemnify Avon for attorneys' fees and costs in the underlying action, but it contends Avon has not proven the fees are reasonable. In support of its claim of $78,282.46 in post-verdict fees and costs, Avon has submitted only an affidavit from its President, Glen Diedrich, stating, "The total amount of defense costs incurred by the Bank and not reimbursed by BancInsure is $78,782.46." (Diedrich Aff., Doc. No. 47, ¶ 4.) Avon acknowledges the $500.00 discrepancy between the amount attested to and the amount it now claims, explaining that Diedrich "mistakenly omitted a $500.00 credit applied to the costs." (Pl.'s Mem., Doc. No. 84, at 3 n.4.) Otherwise, it offers no explanation or documentation of the fees. BancInsure acknowledges that Avon sent it requests for unreimbursed fees and costs totaling $52,190.90 and it has included the documentation of those charges in the record. (Nilan Decl. Exs. A–E.) The Court has reviewed them and concludes they are reasonable. But there is no evidence explaining the remaining $26,091.56 and therefore the Court cannot determine if those fees are reasonable (or even accurate). Accordingly, it will award Avon only $52,190.90.

Finally, the parties dispute the date from which Avon's prejudgment interest should be calculated. Minnesota Statute § 60A.0811 governs prejudgment interest in

commercial and professional insurance disputes.[1] That statute provides, "[a]n insured who prevails in any claim against an insurer based on the insurer's breach or repudiation of, or failure to fulfill, a duty to provide services or make payments is entitled to recover ten percent per annum interest on monetary amounts due under the insurance policy." Minn. Stat. § 60A.0811, subd. 2(a). The interest is "calculated from the date the request for payment of th[e] benefits was made to the insurer." Id. The parties agree that on January 12, 2012, Avon requested indemnification from BancInsure for its liability and defense costs in the underlying action and that on January 19, 2012, BancInsure denied the request. Therefore, Avon claims prejudgment interest beginning January 12, 2012. BancInsure argues this is unfair because Avon had not actually paid the settlement or defense costs for which it sought indemnification at that time. While this argument certainly has appeal, the language of the statute is unambiguous. It directs the Court to calculate interest from the date of Avon's request for payment and the Court is bound by the terms of the statute. Accordingly, Avon is entitled to ten percent annual interest on the $635,000 settlement and $52,190.90 in fees from January 12, 2012, until January 10, 2014, totaling $137,249.56.[2]

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that:

---

[1] Federal courts exercising diversity jurisdiction apply state law regarding prejudgment interest, as it is a matter of substantive law. Schwan's Sales Enters., Inc. v. SIG Pack, Inc., 476 F.3d 594, 595 (8th Cir. 2007) (analyzing Erie doctrine as it applies to prejudgment interest).

[2] Simple ten percent interest of $687,190.90, divided by 365 days, and multiplied by 729 days equals $137,249.56.

- 5 -

(1) BancInsure's Motion (Doc. No. 69) is **GRANTED**;

(2) Avon's Motion to Claim Fees (Doc. No. 65) is **DENIED**; and

(3) Avon's Motion to Alter or Amend Judgment (Doc. No. 75) is **GRANTED IN PART** to the extent it sought the inclusion of the specific amounts it is entitled to and sought prejudgment interest beginning January 12, 2012, and **DENIED** in all other respects.

It is **FURTHER ORDERED** that **JUDGMENT BE AMENDED** to provide the following:

The Court **DECLARES** and **ADJUDGES** that Avon's loss is covered by the terms of its 2007 Financial Institution Bond and BancInsure is therefore obligated to indemnify Avon for the judgment and ensuing settlement agreement in the action entitled <u>Donald Imdieke and Mike A. Froseth v. Ambrose Joseph Herdering, Avon State Bank, and Glenn Diedrich</u>, Stearns County Court File No. 73-CV-10-923, in the amount of $625,000.00; for its post-verdict defense costs in the amount of $52,190.90; and for prejudgment interest in the amount of $137,249.56.

Dated: April 18, 2014                                s/Richard H. Kyle
                                                         RICHARD H. KYLE
                                                         United States District Judge